GEORGE M. CHAPMAN, Respondent, *against* ISAAC FRANK *et al.*, Appellants.

(Decided May 22d, 1884.)

In an action for rent under a lease, the answer of defendants, the lessees, set up as a counterclaim that defendants had, at the special instance and request of plaintiff, paid, laid out and expended certain moneys to and for his use, which he promised to repay to them, but failed to do so. A bill of particulars of the counterclaim described the moneys paid as "cash paid in and about buildings mentioned in the complaint." It appeared from the lease that the plaintiff had thereby covenanted to place the demised premises in repair. *Held,* that evidence was admissible on behalf of defendants of an employment of them by plaintiff to make such repairs for him under a special contract, which had been fully performed on their part, although such special contract was not pleaded.

APPEAL from a judgment of this court entered upon the verdict of a jury and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*Julius J. Frank*, for appellants.

*I. W. Cook*, for respondent.

VAN HOESEN, J.—The answer set up as a counterclaim that the defendants had, at the special instance and request of the plaintiff, paid, laid out and expended certain moneys to and for his use, and that the plaintiff had promised to pay them such moneys. These allegations the defendants sought to prove by showing that the plaintiff by his lease covenanted to place certain demised premises in repair, and that he employed the defendants to make those repairs for him, and that they had performed their part of the contract by doing the repairs in pursuance of the. employment. This testimony was offered to sustain the allegations of the counterclaim. The court rejected the proffered testimony

on the ground that it did not relate to any issue raised by the answer.

There was a bill of particulars of the counterclaim, which was headed "cash paid in and about buildings mentioned in the complaint." The counterclaim is in substance the old common count in assumpsit for money paid, and the question is, can the defendants recover damages for the breach of the special contract made by them with the plaintiff, under the old common count in assumpsit? The counterclaim does not say when, where or how the money was paid and expended, and the plaintiff, if he had chosen, could have compelled the defendants to give detailed information as to those matters. He contented himself, however, by requiring a bill of particulars of the items of the disbursements, and a general statement that the expenditures were made upon certain specified buildings. There is no doubt that if the special contract was fully performed by the defendants, so that nothing remained to be done by either party save the payment by the plaintiff of the amount that was due, a recovery upon the count for money paid could be sustained.

From the questions that were propounded by the defendants, and excluded by the judge, it is evident that the defendants did not rely upon an implied request to make the repairs for the doing of which they ask compensation, but that they expected to prove an express request made before, and an express promise of the plaintiff made after the doing of the work. Upon this point Moak, in his edition of Van Sandtvoord's Pleadings, says (p. 205): "Where there is an express promise to pay, supported by a sufficient consideration, it is the ground of the action, and the plaintiff need set forth no other facts to sustain his action; but in the absence of an express promise, every fact necessary to fix the liability of the defendant, and to show him under a legal obligation to pay the demand, should be stated in the complaint." Of course, an express request made before the doing of the work will support an action though no promise made after its completion be proved.

The testimony offered after the lease was admitted in evidence ought, I think, to have been received, for it tended to prove the allegations of the counterclaim, namely, that at the request of the plaintiff the defendants paid, laid out and expended a certain sum of money. If the defendants had fully performed the contract on their part, so that nothing but the payment of money by the plaintiff was. needed to close the transaction between the parties, the common count for money paid was good as a pleading (see cases collected in second edition of Bliss's Code, p. 291, e, f, g, h, i, j, k, l and m).

I do not understand the learned judge as holding that the relations of the parties prevented the plaintiff from hiring the defendants to make repairs or alterations in the building, or as holding that the lease would have been added to, varied or controlled, by evidence that the plaintiff had employed the defendants to perform the work which he himself in the lease covenanted to perform. The evidence was rejected solely upon the ground that the defendants should have set up their special contract instead of relying upon a common count in assumpsit.

I think the judge was right in excluding the testimony offered to prove the oral negotiations that preceded or. accompanied the execution of the lease. They did not fall within the rule of *Juillard* v. *Chaffe* and *Chapin* v. *Dobson.*

The judgment must be reversed and a new trial ordered, with costs to abide the event.

LARREMORE and J. F. DALY, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide event.